UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

DEBORAH ELIZABETH NORRIS        CIVIL ACTION NO. 5:06cv502

versus        JUDGE HICKS

WAL-MART STORES, INC.        MAGISTRATE JUDGE HORNSBY

---

## MEMORANDUM RULING

**Introduction**

Deborah Elizabeth Norris ("Plaintiff") filed suit in state court against Wal-Mart Stores, Inc. ("Defendant") arising from injuries she allegedly sustained after several large bags of dog food fell on top of her in Defendant's store. In her petition, Plaintiff alleges that she has suffered severe and excruciating injuries to her head, neck, back, abdomen, chest, left knee, and left leg. Doc. 1, ¶ 12. These injuries include: tenderness, acute strains, contusions, torn ligaments, pain, stiffness, and cervical spine disc degeneration. Doc. 1, ¶ 14. Plaintiff seeks damages for past and future mental and physical pain and suffering, future physical disability, humiliation and embarrassment, past and future medical expenses, hospital, chiropractic, and doctor bills, past and future drugs, medicines, orthopedic devices, and physical therapy, as well as loss of both past and future economic opportunity. Doc. 1, ¶ 16.

Plaintiff's petition states "[i]t is alleged that at this time, the value of petitioner's claim does not exceed $75,000.00." Doc. 1, ¶ 17. But just four months after she filed her petition, Plaintiff sent a settlement demand to Defendant that placed the value of her case at $220,047.56 and offered to settle for $150,000.00. Doc. 11-3. After receiving this demand,

Defendant removed the cased based on an assertion of diversity jurisdiction. Plaintiff filed a Motion to Remand (Doc. 9), now before the court, on the basis that the amount-in-controversy does not exceed $75,000.

**Law**

Louisiana law generally prohibits a personal injury plaintiff from praying in his petition for a specific amount of damages. La. C.C.P. art. 893(A)(1). However, a party may make a general allegation that his claim is less than the requisite amount to establish federal jurisdiction. Id. Most states, like the federal courts, do not limit damage awards to the amount specified in the prayer of the petition. These rules create "the potential for abusive manipulation by plaintiffs" who know the true value of their claim is greater than $75,000 but plead less solely to avoid federal jurisdiction, only to seek more at trial. De Aguilar v. Boeing Co., 47 F.3d. 1404, 1407-08 (5th Cir. 1995) ("De Aguilar II"). "Such manipulation is surely characterized as bad faith." Id.

When the plaintiff alleges in good faith that the amount in controversy is less than $75,000, a removing defendant must prove by a preponderance of the evidence that the amount in controversy is greater than $75,000. Felton v. Greyhound Lines, Inc., 324 F.3d 771, 773 (5th Cir. 2003); De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993) ("De Aguilar I"). The removing party can satisfy its burden in two ways: (1) it must establish that it is "facially apparent" that the claims probably exceed $75,000 or (2) it must establish the facts in controversy in the removal petition or an accompanying affidavit to show that the

amount in controversy is met. <u>Felton</u>, 324 F.3d at 773; <u>Simon v. Wal-Mart Stores, Inc.</u>, 193 F.3d 848, 850 (5th Cir. 1999).

Once the defendant satisfies this burden, removal is proper unless the plaintiff can show that it is "legally certain" that her recovery will not exceed $75,000. <u>De Aguilar II</u>, 47 F.3d at 1412; <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). The Court in <u>De Aguilar II</u>, 47 F.3d at 1412, gave two non-exclusive examples of how a plaintiff can show the "legal certainty"of its amount in controversy. The plaintiff can: (1) cite in her complaint a state law that prohibits recovery of damages that exceed those prayed for and that prohibits increasing the prayer by amendment; or (2) file a binding stipulation or affidavit with her complaint prior to removal. <u>Id</u>.

**Analysis**

In her petition, Plaintiff prays for no more than $75,000, and it is not otherwise "facially apparent" that the amount-in-controversy exceeds this figure. Therefore, Defendant must prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. In an attempt to meet that burden, Defendant filed with its memorandum in opposition to the motion to remand an affidavit which states: "Affiant received the settlement demand attached hereto as Exhibit A on or about March 16, 2006. In that settlement demand, plaintiff stated that the value of her case was approximately $220,000.00, but made an offer to settle in the amount of $150,000.00." Doc. 11-2.

The Fifth Circuit Court of Appeals held that a post-complaint demand letter may be an "other paper" under Section 1446(b) sufficient to give notice that a case is removable. Addo v. Globe Life and Accident Ins., 230 F.3d 759, 762 (5th Cir. 2000). In Addo, the plaintiff's state court suit requested $5,000 in actual damages and punitive damages "not to exceed $65,000." The plaintiff then served the defendant with a demand letter offering to settle the suit for $250,000. Id. at 760. The Court reasoned that this "other paper" gave the defendant notice that the case was removable, and therefore started the 30-day period in which the defendant could remove. Id. at 762. Implicit in the Court's decision is that the "other paper" provided evidence that the amount in controversy was met; absent that critical element, the Court would not have had subject matter jurisdiction over the case.

Defendant reasons that a plaintiff's settlement demand may be valuable evidence indicating the amount in controversy at the time of removal. Fifth Circuit district courts generally agree with this proposition. Gertrude Gardner, Inc. v. State Farm Automobile Ins. Co., 2003 WL 1873863 (E.D. La. 2003) (a settlement offer can be valuable evidence indicating the amount in controversy at the time of removal); Lonon v. Prieto, 2000 WL 913808 (E.D. La. 2000) (same); Edwards v. Fred's, Inc., 2005 WL 2106156 (W.D. La. 2005) (a demand letter may be considered by the court in determining the true amount in controversy).

In Clark v. Nestle USA, Inc., 2004 WL 1661202 (E.D. La. 2004), the plaintiff stipulated in her petition that the amount in controversy was less than the amount necessary

for federal jurisdiction. Five months later, the plaintiff sent the defendant a settlement letter indicating she would accept a settlement of $400,000, but the defendant did not remove the action at that time. Later, shortly before trial, the plaintiff moved to amend her petition to withdraw her stipulation. The defendant soon thereafter filed a notice of removal. After citing Addo, 230 F.3d at 761, for the proposition that a post-complaint settlement letter is sufficient to provide the grounds for removal and trigger the 30-day removal period, the court granted the plaintiff's motion to remand. The court stated "[the defendant] knew or should have known that the amount in controversy exceeded the minimum for diversity jurisdiction when it received the demand letter." Clark, 2004 WL 1661202, at *2.

Plaintiff's settlement demand letter contains an itemized list of her estimates of the value of the damages. These categories of damages include: past medical bills ($18,237.56), future medical bills ($11,810.00), general damages for cervical disc degeneration ($100,000.00), general damages for lumbar disc degeneration ($65,000.00) and general damages for soft tissue injuries ($25,000.00). Plaintiff places a total value of $220,047.56 on her case, but she offers to settle for $150,000.00. Doc. 11-3. This court agrees that a settlement demand may offer valuable evidence of a claim's value. Plaintiff's demand, together with the factual information in her letter and petition about her injuries and related damages, is sufficient for Defendant to satisfy its burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Plaintiff did not cite in her complaint any Louisiana law that would prohibit recovery

of damages in excess of $75,000 or that would prohibit her from amending her petition to increase the amount at stake. Plaintiff did not file a binding stipulation or affidavit with her petition prior to removal. She merely stated "It is alleged that *at this time*, the value of petitioner's claim does not exceed $75,000.00" [emphasis added]. Doc. 1, ¶ 17. Nothing would preclude Plaintiff from amending her petition, perhaps after the one-year period for removal of diversity cases has passed, to seek more damages. In fact, the emphasized language suggests that such an amendment is contemplated. That is precisely what the plaintiff did in Clark, 2004 WL 1661202, at *2.

Plaintiff also argues that the court should consider that her *current* settlement demand is only $30,000. Doc. 9, Exhibit 1. However, the jurisdictional amount is evaluated as of the time of removal, which occurred on March 24, 2006. Plaintiff's post-removal settlement demand, which reduced her settlement offer to $30,000, comes too late to defeat removal jurisdiction. Marcel v. Pool Co., 5 F.3d 81, 85 (5th Cir. 1993).

Accordingly, Plaintiff's **Motion to Remand** (Doc. 9) is **denied**.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 24th May, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE